UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Marissa J. Clarke,

        Debtor.

Case No. 21-25517-kmp
Chapter 7

PATRICK S. LAYNG,
United States Trustee,

        Plaintiff,

v.

MARISSA J. CLARKE,

        Defendant.

Adversary Case No. 22-

## UNITED STATES TRUSTEE'S COMPLAINT TO DENY DEBTOR'S DISCHARGE

United States Trustee Patrick S. Layng, by Attorney Laura D. Steele, under 11 U.S.C. § 727(a) and 727(c), requests that the Court deny Marissa J. Clarke's discharge. In support of this complaint, the United States Trustee states:

### JURISDICTION AND VENUE

1. This is an objection to the Defendant's discharge in a case arising under Title 11 of the United States Code and, as such, this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

Laura D. Steele
Attorney for the United States Trustee
517 E. Wisconsin, #430
Milwaukee, WI 53202
(414) 297-4499 fax (414) 297-4479

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in and is related to the Defendant's bankruptcy case, which is pending in this Court.

4. This action arises under 11 U.S.C. § 727(a) and Fed. R. Bankr. P. 7001(4).

5. The United States Trustee has standing to file this proceeding under 11 U.S.C. § 307 and 11 U.S.C. § 727(c)(1).

6. The United States Trustee consents to the entry of final judgments and orders by the Bankruptcy Court. The deadline to object to discharge is January 14, 2022.

7. This adversary proceeding is timely filed.

## THE PARTIES

8. The Plaintiff, Patrick S. Layng, is the United States Trustee for the Eastern District of Wisconsin and maintains an office at 517 East Wisconsin Avenue, Suite 430, Milwaukee, Wisconsin 53202.

9. The Defendant, Marissa J. Clarke, resides at 5922 N. 39th Street, Milwaukee, WI 53209.

## FACTS

10. On October 18, 2021 ("Petition Date"), the Defendant filed a Chapter 7 petition. ECF No. 1.

11. The Defendant is represented by Credit Solutions SC.

12. The Defendant's schedules were filed on November 1, 2021. ECF Nos. 12, 13.

13. The Defendant filed an amended petition and amended schedules AB and C on November 15, 2021. ECF No. 15.

14. The Defendant signed the petition, schedules, and statement of financial affairs under penalty of perjury.

15. This is the Defendant's second bankruptcy case since 2013.

16. The Defendant previously received a chapter 7 discharge in Case No. 13-33330.

17. The Defendant appeared for the meeting of creditors on November 15, 2021 before chapter 7 trustee John Scaffidi.

18. The Defendant testified under oath that her schedules were true and correct.

19. The Defendant testified that she operates an event catering business under a limited liability company.

20. The Defendant's schedules disclose the catering business, "Str8 from the Yaad, LLC."

21. The Defendant did not disclose the operation of any other business at the meeting of creditors or within her schedules.

22. Upon information and belief the Defendant operated an additional undisclosed business prepetition, but did not disclose the operation of the business, income from the business, or loans obtained prepetition on behalf of the business within her schedules and statements.

A. The Defendant's Schedules

*Assets*

23. The Defendant's Amended Schedule AB discloses total assets of $32,563.58.

24. Assets disclosed on the Defendant's Amended Schedule AB include a 2018 VW Atlas valued at $20,000, and a checking account at BMO Harris with a balance of $13 as of the petition date.

25. The Defendant further disclosed her ownership of the catering business, Str8 from the Yaad, LLC, which she valued at $1,400.

26. According to the Wisconsin Department of Financial Institutions, the Defendant registered Str8 from the Yaad, LLC (the "LLC") on May 6, 2020.

27. The Defendant registered the LLC with the address 5715 W. Capitol Dr., Apt. 2, Milwaukee, WI 53216.

28. The Defendant did not disclose any other businesses on the Amended Schedule AB.

*Debts*

29. The Defendant disclosed total secured and unsecured debts of $117,976 on her Schedules D and EF.

30. On schedule EF, the Defendant disclosed priority unsecured debts of $50,000 incurred due to unpaid income tax obligations to the Internal Revenue Service.

31. Schedule EF also includes $42,835 in non-priority unsecured debts.

32. Schedule EF does not disclose any debt incurred for the operation of a business.

33. Upon information and belief, the Defendant owed a debt to Benworth Capital as of the petition date.

34. Upon information and belief, the Defendant was required to but did not disclose Benworth Capital as a creditor.

35. Upon information and belief, the Defendant also owed a debt to Fountainhead SBF LLC as of the petition date.

36. Upon information and belief, the Defendant was required to but did not disclose Fountainhead SBF LLC as a creditor.

*Income and Expenses*

37. On schedule I, the Defendant disclosed total monthly income of $3,795.80 after deductions for her 401(k) and health insurance. ECF No. 12 at p. 26.

38. The Defendant discloses that she has an average net monthly income of $468.34 from the operation of the LLC ECF No. 13.

39. The Defendant did not disclose income from operation of any other business.

40. On Schedule J, the Defendant discloses that she does not have any dependents and has total expenses of $3,787.33, for a net monthly income of $8.47.

*Statement of Financial Affairs*

41. The Defendant's statement of financial affairs ("SOFA") discloses total wage income for January 1, 2021 through the petition date of $28,885.20; total wage income of $38,377.00 for 2020; and total wage income of $24,884.00 for 2019.

42. The Defendant's SOFA question numbers 4 and 5 do not disclose any income from the operation of a business.

43. The Defendant's SOFA question number 27 discloses that the Defendant has been a member of the LLC since May 2020.

44. The Defendant's SOFA does not disclose any connection to any other business within four years of the petition date.

45. The Defendant's SOFA question number 28 further discloses that the Defendant did not give a financial statement about her business to anyone within two years before the petition date.

B. <u>Undisclosed SBA Payroll Protection Payment Loans</u>

46. The United States Trustee's investigation of the Defendant's financial affairs indicates that the Defendant also operates an undisclosed beauty salon business.

47. Upon information and belief, the Defendant operates her beauty salon business under the name "Marissa Joi."

48. Upon information the Defendant maintains a web site for her beauty salon business, https://marissajoi.as.me/schedule.php. (*Last accessed January 10, 2022*).

49. The web site indicates that the beauty salon business is operated at Shear Pink Salon, 2402 W Lisbon Ave Milwaukee, WI 53205.

50. According to public records, the Defendant applied for and obtained two Small Business Administration Payroll Protection Program loans ("PPP Loans") in 2021. *See* https://www.federalpay.org/paycheck-protection-program/marissa-clarke-milwaukee-wi (last accessed January 10, 2022).

51. Upon information and belief, the Defendant received a PPP Loan in the amount of $2,627 in March 2021 from Fountainhead SBF LLC.

52. Upon information and belief, the Defendant received a second PPP Loan in the amount of $2,627 in April 2021 from Benworth Capital.

53. Public records indicate that the PPP Loans were obtained in the Defendant's name and with an associated ZIP code of 53209.

54. The Defendant's home address listed in this bankruptcy case is also located within ZIP Code 53209.

55. Public records indicate that both PPP Loans were obtained by the Defendant for the operation of a beauty salon business.

56. The Defendant was required to but did not disclose the operation of a beauty salon business within her schedules and statements.

57. Upon information and belief, the Defendant was required to submit financial statements to both Benworth Capital and Fountainhead SBF LLC to obtain the PPP Loans.

58. Upon information and belief, the Defendant provided the financial statements within two years of her petition date.

59. The Defendant was required to but did not disclose that she had provided a financial statement to the PPP lenders regarding her business within her statement of financial affairs.

60. Upon information and belief, the Defendant was operating the salon business within the year preceding her bankruptcy petition.

61. The Defendant was required to but did not disclose the operation of a salon business either within her schedules or at the meeting of creditors.

62. Upon information and belief, the Defendant's operation of the beauty salon business generated income prepetition to the Defendant.

63. The Defendant was required to but did not disclose the receipt of any income from the operation of a beauty salon business.

64. The Defendant was further required to disclose all of her creditors within her bankruptcy schedules.

65. Upon information and belief, Benworth Capital or Fountainhead SBF LLC were creditors of the Defendant as of the petition date.

66. The Defendant was required to but did not disclose Benworth Capital or Fountainhead SBF LLC as creditors within her bankruptcy schedules.

# COUNT I

*The Defendant's Discharge Should Be Denied for
Making False Oaths —11 U.S.C. § 727(a)(4)(A)*

67. All of the preceding paragraphs are incorporated and realleged herein by reference.

68. Section 727(a)(4)(A) provides that the court may not grant a debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case--(A) made a false oath or account . . . ." 11 U.S.C. § 727(a)(4)(A).

69. The burden of proof lies with the plaintiff to establish five elements: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with intent to defraud; and (5) the statement is related to the bankruptcy case in a material way. *In re Tauber,* 349 B.R. 540, 557-558 (Bankr. N.D. Ind. 2006) (citing *[In re] Bailey,* 145 B.R. [919] at 926 [(Bankr. N.D. Ill.1992)]).

70. A debtor's reckless disregard for the truth of the information contained in bankruptcy statements and schedules is sufficient to bar a discharge and is the equivalent of actual fraud on the part of the debtor submitting such false or inaccurate statements. *In re Yonikus*, 974 F.2d 901, 905 (7th Cir. 1992).

71. "The purpose of § 727(a)(4) is to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate." *In re Fink,* 351 B.R. 511, 525 (Bankr. N.D. Ill. 2006). A debtor's failure to accurately disclose income or operation of a business within schedules or statements in the bankruptcy proceeding is grounds for the court to find that the debtor has made a false oath. *Id*. at 525-26.

### a. Statement under Oath

72. The first issue to determine is whether the Defendant made a statement under oath.

73. Bankruptcy schedules and statements of financial affairs constitute statements under oath.

74. The Defendant's signed petition, schedules, and statement of financial affairs are statements made under oath.

75. The Defendant's testimony at the meeting of creditors is also a statement under oath.

### b. False Statements

76. The next issue is whether the Defendant made false statements. Bankruptcy schedules with material misrepresentations or omissions constitute false statements under oath.

77. The Defendant made a false statement when she signed her schedules and statements, attesting that they were true and accurate.

78. The Defendant made a false statement when she testified at her meeting of creditors that her schedules were true and accurate.

79. The Defendant made false statements when she failed to disclose Benworth Capital and Fountainhead SBF LLC as creditors, failed to disclose the operation of a salon business, failed to disclose the receipt of the PPP Loans within her schedules and statements, failed to disclose income earned from the operation of a beauty salon business, and failed to disclose that she provided a financial statement regarding her business within two years of the petition date.

### c. Knowing and Fraudulent

80. Once a false oath is demonstrated, the next issue that needs to be addressed is whether the Defendant made these false statements knowingly and fraudulently.

81. The facts and circumstances demonstrate the Defendant either knowingly and intentionally made false oaths, or that the Defendant acted with a reckless disregard for the truth.

82. The Defendant affirmatively testified at her meeting of creditors that the catering LLC is the only business she operated prepetition. The Defendant knew that her testimony was false.

### d. Materiality

83. Finally, the plaintiff must show that the false statements made by the debtor relates materially to the bankruptcy case.

84. Under 11 U.S.C. § 727, "A matter is material…if it bears a relationship to the debtor's business transactions or estate or leads to the discovery of assets, business dealings or existence or disposition of property." *In re Holstein,* 272 B.R. 463, 477 (Bankr. N.D. Ill. 2001).

85. The Defendant's omissions and false oaths regarding the beauty salon business are directly related to the bankruptcy.

86. The Defendant failed to accurately disclose all of her businesses, all of her income, and two creditors. The Defendant's actions have made the information in her schedules unreliable.

87. A debtor who fails to disclose material information about her financial circumstances should not receive a discharge.

## CONCLUSION

WHEREFORE, Plaintiff, the United States Trustee, respectfully requests that this Court enter an order denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and granting such other relief as may be appropriate.

Dated: January 13, 2022.

> PATRICK S. LAYNG
> United States Trustee
>
> _____
> LAURA D. STEELE
> Attorney for the United States Trustee